<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM MCNAIR, | : | Civil No. 05-3115 (FSH) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| MARIA CALDERON., et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    William McNair, # 227050, Plaintiff <u>Pro Se</u>
    Northern State Prison
    P.O. Box 2300
    168 Frontage Road,
    Newark, New Jersey 07114

**HOCHBERG, DISTRICT JUDGE**:

    Plaintiff William McNair, a prisoner confined at Northern State Prison ("NSP"), seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty and prison account statement, the Court grants Plaintiff's application to proceed <u>in forma pauperis</u>, waives the $250.00 filing fee, and directs the Clerk to file the Complaint. Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff sues several administrative officials at the NSP, and Devon Brown, Commissioner of the NJDOC , for the alleged failure to properly calculate the amount of sentence good time credit to which he claims to be entitled. (Compl., ¶¶ 12-47.) He asserts that Defendant Maria Calderon, a classification department staff member, miscalculated his by some 359 days, because of disagreement with the judgment of the Court. (Id., ¶ 12.) This allegedly resulted in his maximum release date being extended from April 2005 to January, 2006. (Id., ¶ 13.)

Plaintiff allegedly notified Calderon and Defendants Cheturkin, DiBenedetti and Stokes of the miscalculation, but was told that prior calculations were wrong. (Id., ¶ 14.) Plaintiff states that he complained to Administrator Sherrer and Commissioner Brown but nothing was done. (Id.,¶¶ 15-16). He adds that he was harassed because of his complaints about the alleged miscalculation. (Id., ¶ 17.) Plaintiff seeks compensatory damages, punitive damages, and costs. (Compl., p. 10.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity, officer or employee. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b). The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which

2

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins,

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's § 1983 claim for damages is barred because a favorable judgment would necessarily imply the invalidity of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (civil rights claim under § 1983 seeking damages for allegedly unconstitutional imprisonment is not cognizable under § 1983 if a favorable judgment would necessarily imply the invalidity of plaintiff's confinement unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

As shown by the foregoing discussion, Plaintiff's recovery of damages for the alleged miscalculation of his sentence would necessarily imply the invalidity of the sentence under which he is currently confined, based upon the aforementioned time calculations. His exclusive federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Habeas relief requires Plaintiff to exhaust available state court remedies before seeking federal relief. (Id. at 489-90). Under these circumstances, the Court is constrained to dismiss Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint for failure to state a claim upon which relief may be granted.

The Court will enter an appropriate Order.

  /s/  Faith S. Hochberg
**UNITED STATES DISTRICT JUDGE**

**DATED:  August 8, 2005**